**UNITED STATES of America, Plaintiff,**

v.

**COMMONWEALTH ENERGY SYSTEM and Subsidiary Companies, Defendants.**

**No. 97–11722–JLT.**

United States District Court, D. Massachusetts.

Feb. 17, 1998.

George P. Eliopoulos, U.S. Department of Justice, Washington, DC, for Plaintiff.

Richard P. Swanson, Susan Logan Bedford, Reid & Priest, New York City, Michael K. Callahan, Commonwealth Energy Services Co., Cambridge, MA, for Defendants.

*MEMORANDUM*

TAURO, Chief Judge.

Plaintiff, the United States of America, brings this action to recover taxes and interest, which it claims were erroneously refunded. Plaintiff states that, on August 2, 1995, it refunded to Defendants the amounts claimed in Defendants' 1990 and 1991 tax returns, plus interest. Plaintiff avers that, in total, it erroneously refunded $883,030.21. Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.

*ANALYSIS*

In seeking dismissal, Defendants argue that Plaintiff's claim is barred by the two-year statute of limitations which applies to tax recovery actions. Defendants' motion presents a very narrow legal question—when did Defendants "receive" their refund for purposes of the statute of limitations.

Title 26, United States Code § 6532(b), the applicable statute of limitations, provides that "[r]ecovery of an erroneous refund by suit ... shall be allowed only if such suit is begun within 2 years after the making of such refund." 26 U.S.C. § 6532(b)(1989). Finding this language ambiguous, The Supreme Court, in *O'Gilvie v. United States*, 519 U.S. 79, 117 S.Ct. 452, 458, 136 L.Ed.2d 454 (1996), held that the statute of limitations begins to run upon "receipt of [the] payment." *Id.*

In *O'Gilvie*, the Court was asked to determine whether the statute of limitations runs from the date on which the refund check is mailed by the IRS or the date on which the check is received by the taxpayer. Writing for the Court, Justice Breyer held that "the law ordinarily provides that an action to recover mistaken payments of money accrues upon the receipt of payment." *O'Gilvie*, 117 S.Ct. at 458. Accordingly, he applied the common law rule in interpreting the statute of limitations. The issue in this case requires a further refinement of Justice Breyer's interpretation of the "date of receipt" rule.

Here, the complaint was filed on July 30, 1997. Plaintiff claims that Defendants "received" their refund on August 2, 1997, the date on which the refund check cleared at the Federal Reserve Bank and the Treasury actually authorized payment of the obligation. Defendants, on the other hand, suggest that they "received" payment on July 27, 1995, the date on which they received the check in the mail and deposited it into their bank account.

Although an argument can be made for either interpretation,[1] it makes the great-

---

1. In supporting their position, Defendants rely most heavily on the court's reasoning in *United States v. Woodmansee*, 388 F.Supp. 36 (N.D.Cal. 1975). Not only did the *Woodmansee* court not have the guidance of the *O'Gilvie* decision, but its reasoning is seriously flawed. In *Woodmansee*, the court noted that "payment is deemed made upon the ripening of a legal obligation on the part of the Internal Revenue Service to the taxpayer." *Id.* at 46. The court then found that such an obligation ripens when the taxpayer receives his check. *Id.* But, as discussed below, this conclusion is not, at all, true. The IRS's obligation ripens only *after* the check is present-

82

est sense to rely on the proposition that ambiguous statutes of limitations are to be construed in the government's favor. *See, e.g., Badaracco v. Commissioner,* 464 U.S. 386, 391, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984).

First of all, Title 31, United States Code § 3328(d) provides that the Treasury has the "authority ... to decline payment of a Treasury check after first examination thereof." 31 U.S.C. § 3328(f)(Supp.1997). The regulations further provide that Treasury checks "shall be deemed to be paid by the United States Treasury only after first examination has been fully completed." 31 C.F.R. § 240.3(d)(1997). Accordingly, the Treasury does not incur a legal obligation to pay Defendants' refund until it is notified that the check has been presented and payment is authorized by the Secretary of the Treasury.[2] *See* 31 U.S.C. § 3328 *et seq.* (Supp.1997). Until that moment, the Treasury has not parted with any funds, and the taxpayer has not "received" any refund.

Second, a Treasury check becomes void, by its terms, if a taxpayer fails to negotiate the check within one year of its issuance. *See* 31 U.S.C. § 3328(a)(1)(A)(Supp.1997); 31 C.F.R. § 240.3(b)(1997). Adopting a "date the check is received in the mail" interpretation might, therefore, lead to a situation where a cause of action for recovery of funds accrues, but the Treasury never becomes obligated to pay on the check. The possibility of such an incongruous result is avoided by adopting Plaintiff's interpretation.

## II.

### CONCLUSION

For the foregone reasons, Defendants' Motion to Dismiss the Complaint is DENIED.

ed to the Federal Reserve Bank and the Secretary of the Treasury authorizes payment. *See* 31 U.S.C. § 3328(f)(Supp.1997). The court in *Woodmansee* completely neglected any consideration of these additional requirements.

**2.** Defendants argue that reliance on Title 31 is misplaced, urging the court to look instead to the common law and the Uniform Commercial Code for analogy. In enacting a specific body of law to govern the payment of treasury checks, *see* 31 U.S.C. § 3321 *et seq.*, however, Congress manifests a clear intent to render these other bodies of law inapplicable. *See also* 31 C.F.R. § 240.1 ("The regulations in this part prescribe the ...

### ORDER

The court hereby orders as follows:

1. For the reasons stated in the accompanying memorandum, Defendants' Motion to Dismiss the Complaint is DENIED;

2. Plaintiff may take Rule 30(b)(6) depositions of Defendant and the contractor who installed equipment at Defendant Canal Electric Subsidiary's generation station located in Sandwich, Massachusetts;

3. The parties shall comply with the court's earlier Rule 26 discovery order by March 18, 1998;

4. The above-mentioned depositions shall be completed by May 20, 1997;

5. No other discovery shall take place without leave of this court; and

6. The parties shall appear before this court for a further conference on June 10, 1998, at 10:00 a.m.

IT IS SO ORDERED.

conditions for payment of checks drawn on the United States Treasury.").

Defendants' suggestion that a "received in the mail" interpretation is consistent with other provisions of the Tax Code is similarly hollow. Defendants' argument that, under Section 7502, a taxpayer's payment is deemed to have been made on the date it is "received" by the United States Post Office amounts to nothing more than a restatement of the argument urged by the taxpayer and specifically rejected by the Court in *O'Gilvie. See O'Gilvie,* 117 S.Ct. at 458 (rejecting the "date of mailing" rule).